**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3290
_____

RONEI FERREIRA-DE SOUZA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A096-181-961)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 10, 2014)
_____

OPINION
_____

PER CURIAM

    Ronei Ferreira-De Souza, a native and citizen of Brazil, entered the United States

near Hidalgo, Texas, on June 2, 2003.  On that same day, he was charged as removable

for being present without having been admitted or paroled.  Subsequently, Ferreira-

De Souza conceded removability and sought to change the venue to Philadelphia, where he was then living, with several other immigrants, on the second floor of a home on Rhawn Street.[1] A notice of hearing was sent to his new address, R. 144, but it was returned to the Immigration Court by the Postal Service marked "Attempted Not Known." R. 157. On April 7, 2004, the Immigration Judge ("IJ") ordered Ferreira-De Souza removed in absentia. R. 143. (That order also was returned by the Postal Service. R. 141.)

On October 9, 2012, Ferreira-De Souza, through counsel, filed a motion to reopen and rescind the in absentia order, stating that he had been unaware of the hearing and did not want to be separated from his wife and young children. R. 128-37. The IJ denied the motion on December 4, 2012. R. 106. Ferreira-De Souza did not appeal that decision. On January 3, 2013, through different counsel, he filed another motion to reopen and rescind his removal order, asserting again that he had not received notice of his hearing. R. 70-82. He also sought sua sponte reopening on the basis that "'exceptional circumstances' exist due to the facts which surround the reason why [he] failed to appear for his Court [sic] in April of 2004." R. 72. He further stated that he would like his case to be reopened to seek asylum because he feared reprisal from drug dealers whose drug transactions and crimes he had witnessed in Brazil. R. 82.

The IJ denied Ferreira-De Souza's second motion to reopen in a notated form

_____

[1] In the motion (which also served as counsel's motion to withdraw), Ferreira-De Souza's address was reported as "713 Rhawn St. #2F." R. 148. However, the new address was entered in the record (accurately) as "713 Rhawn St.: Apt. 2-FL." R. 145.

order in which he stated that he agreed with the reasons provided in the Government's opposition to the motion. R. 39. Ferreira-De Souza appealed to the Board of Immigration Appeals ("BIA"). The BIA concluded that the IJ's decision did not include sufficient findings of fact and conclusions of law to allow for meaningful review, so it remanded the matter to the IJ for the "preparation of a full type-written decision." R. 28. On remand, the IJ denied the motion as number-barred and on the merits, discussing at length the issues relating to notice and the address. The IJ further stated that Ferreira-De Souza was not entitled to reopening as a matter of discretion because he failed to demonstrate due diligence in pursuing reopening (the IJ noted that he only sought to have the order reopened eight years after its entry because he was detained). The IJ also declined to reopen the proceedings sua sponte, ruling that Ferreira-De Souza had presented no evidence of an extraordinary situation.

On June 24, 2013, the BIA affirmed the IJ's decision in a short order, noting that the motion to reopen was a number-barred second motion, and that Ferreira-De Souza had not meaningfully argued that the numerical limit should not apply based on changed country conditions. The BIA also agreed with the IJ's decision to decline to reopen sua sponte.

Ferreira-De Souza petitions for review of the BIA's decision. He argues that the BIA and IJ denied him due process of law because they did not consider all the facts of his case or permit reopening on the basis of lack of notice of his hearing.

We have jurisdiction over Ferreira-De Souza's petition pursuant to 8 U.S.C. § 1252(a). Our review of a final order of the BIA denying a motion to reopen is for abuse

3

of discretion; we may reverse the decision only if it is arbitrary, irrational, or contrary to law. Abulashvili v. Att'y Gen. of the U.S., 663 F.3d 197, 202 (3d Cir. 2011) (citations and quotation marks omitted). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n.2 (3d Cir. 2002). We review factual findings for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).

Upon review, we will deny the petition for review because the BIA did not err in ruling Ferreira-De Souza's motion to reopen number-barred. Generally, an alien may file only one motion to reopen. See 8 U.S.C. § 1229a(c)(7)(A) (listing an exception not relevant here); 8 C.F.R. §§ 1003.23(b)(1) & (b)(4)(ii). It is undisputed that Ferreira-De Souza's motion was his second motion to reopen.

That the numerical limitation on motions to reopen worked to prevent Ferreira-De Souza from presenting the underlying merits of his case did not constitute a violation of his right to due process of law. Furthermore, although the BIA's order was relatively short and did not delve into the issues relating to the notice as the IJ did, the order included sufficient detail to show that the BIA reviewed the record and that it considered and analyzed the relevant arguments. See Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (noting that the BIA "'is not required to write an exegesis on every contention'") (citation omitted).

4

For these reasons, we will deny the petition for review.[2]

---

[2] As the Government asserts, any claim relating to the denial of sua sponte reopening has been waived.  See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).  In any event, to the extent the BIA's decision to decline to reopen the proceedings sua sponte was a discretionary decision, that decision is beyond this Court's jurisdiction.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")